UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND SERRATO JR., | CASE NO.   1:10-cv-00168-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION/PROTECTIVE ORDER BE DENIED |
| v. | |
| B. DOWLING, et al., | (ECF No. 9) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |
| / | |

Plaintiff Raymond Serrato Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his Complaint on February 3, 2010.  (ECF No. 1.)  No other parties have appeared in the action.

Plaintiff filed a Motion for a Preliminary Injunction and/or a Preliminary Protective Order directing that he remain in Facility-E and not be transferred to Facility-D.  (ECF No. 9.) The Court construes this as a motion for a temporary restraining order.  Manago v. Williams, 2010 WL 2880173, *5 (E.D. Cal. July 21, 2010).

1

In his Motion, Plaintiff states that after being involved in an incident with Defendants on April 11, 2009, he was moved from Facility-D to Facility-E where he remains. Plaintiff alleges that he was moved because of the incident and subsequent legal action filed by Plaintiff against Defendants who work in Facility-D.

On February 26, 2010, Plaintiff was informed that he was being moved back to Facility-D. He objected and spoke with many officials in both facilities. Finally, an official in Facility-D ordered that he not be transferred to Facility-D and stated in a general chrono that the return to E was due to Plaintiff's many lawsuits pending against Facility-D staff. (ECF No. 9, Pl.'s Mtn., Exh. A p. 12.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Counsel, Inc., 129 S.Ct. 365, 374 (2008).

Plaintiff has failed to meet any of the prerequisites for preliminary injunctive relief. Most significantly, it appears Plaintiff is in Facility-E and there is no current plan to transfer him back to Facility-D. Thus, there does not appear to be any harm, much less irreparable harm, that will flow to Plaintiff if his request for injunctive relief is denied at this time.

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction and/or a Preliminary Protective Order be DENIED without prejudice.

While it appears the housing situation is resolved for the time being, if it appears that a transfer back to Facility-D is imminent and threatens irreparable harm to Plaintiff, he may re-raise the issue.

Plaintiff's Complaint, which is yet to be screened, also makes reference to injunctive relief. In the event that the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for such relief sought in the Complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991). See also Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

IT IS SO ORDERED.

Dated:   December 23, 2010                        /s/ *Michael J. Seng*
ci4d6                                              UNITED STATES MAGISTRATE JUDGE