# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND SERRATO, JR., | 1:10-cv-0168-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT FOR FAILURE TO OBEY A COURT ORDER AND TO UPDATE ADDRESS |
| v. | |
| B. DOWLING, et al., | (ECF No. 17) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

_____/

Plaintiff Raymond Serrato, Jr. ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.

On November 30, 2011, the Court issued an Order, ordering Plaintiff to either file an amended complaint or notify the Court if he was willing to proceed on the cognizable claims in his complaint.  (ECF No. 17.)  Plaintiff was given thirty days in which to respond. The December 30, 2011 deadline has passed without Plaintiff responding to the Court's Order.

In addition, on January 10, 2012, the Court's November 30, 2011 Order, was returned by the U.S. Postal Service as undeliverable to Plaintiff.  Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his

1  or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

2          If mail directed to a plaintiff in propria persona by the Clerk is
   returned by the U.S. Postal Service, and if such plaintiff fails
3          to notify the Court and opposing parties within sixty-three (63)
   days thereafter of a current address, the Court may dismiss
4          the action without prejudice for failure to prosecute.

5  In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he

6  has not notified the Court of a current address.

7          Local Rule 110 provides that "failure of counsel or of a party to comply with these

8  Rules or with any order of the Court may be grounds for imposition by the Court of any

9  and all sanctions . . . within the inherent power of the Court."  District courts have the

10 inherent power to control their dockets and "in the exercise of that power, they may

11 impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v.

12 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

13 prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

14 or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

15 Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

16 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

17 amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

18 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

19 apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

20 (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,

21 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local

22 rules).

23         In determining whether to dismiss an action for lack of prosecution, failure to obey

24 a court order, or failure to comply with local rules, the Court must consider several factors:

25 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

26 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

27

28                                              -2-

1  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

2  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

3  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

4      In the instant case, the Court finds that the public's interest in expeditiously

5  resolving this litigation and the Court's interest in managing its docket weigh in favor of

6  dismissal.   The third factor, risk of prejudice to defendants, also weighs in favor of

7  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

8  in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The

9  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

10  outweighed by the factors in favor of dismissal discussed herein.   Finally, a court's

11  warning to a party that his failure to obey the court's order will result in dismissal satisfies

12  the "consideration of alternatives" requirement.   Ferdik v. Bonzelet, 963 F.2d at 1262;

13  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.   The Court's Order expressly

14  stated: "If Plaintiff fails to comply with this order, this action will be dismissed, without

15  prejudice, for failure to obey a court order." (ECF No. 17.)  Thus, Plaintiff had adequate

16  warning that dismissal would result from his noncompliance with the Court's Order.

17      Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED

18  based on Plaintiff's failure to obey a court order and failure to update his address.

19      These Findings and Recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

21  Within fourteen (14) days after being served with these Findings and Recommendations,

22  any party may file written objections with the Court and serve a copy on all parties.  Such

23  a document should be captioned "Objections to Magistrate Judge's Findings and

24  Recommendations." Any reply to the objections shall be served and filed within ten days

25  after service of the objections.  The parties are advised that failure to file objections within

26  the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1

27

28                                        -3-

1  st, 951 F.2d 1153 (9th Cir. 1991).

2

3

4  IT IS SO ORDERED.

5  Dated:    April 3, 2012                              /s/ *Michael J. Seng*

6                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                   -4-